**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-15528 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-00086-KJD-GWF |
| MICHAEL SIMARD, | |
| Claimant - Appellant, | MEMORANDUM[*] |
| v. | |
| $999,830.00 IN UNITED STATES CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted August 9, 2012
Pasadena, California

Before: REINHARDT, SILVERMAN, and WARDLAW, Circuit Judges.

Michael Simard appeals the district court's order striking his claim to

$999,830 in this civil forfeiture proceeding and the district court's denial of his

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

motion for reconsideration of that order. The district court concluded that Simard lacked Article III standing, struck his claim and entered judgment in favor of the government. The district court also denied his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

The district court erred in granting the motion to strike by applying the standard of proof for a claimant asserting a possessory, rather than an ownership, interest in property. In a civil forfeiture proceeding, "[a]t the motion to dismiss stage, a claimant's unequivocal assertion of an ownership interest in the property is sufficient by itself to establish standing." *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 638 (9th Cir. 2012). A claimant asserting a mere possessory interest must do more, and explain their possession of the property. *Id.* Simard introduced a sworn declaration in support of his claim "asserting a legal right and ownership interest in the monies seized from me." This unequivocal assertion of ownership establishes Article III standing at this stage of proceedings.

The disclaimer form and statements allegedly made by Simard during the traffic stop, and relied upon by the district court, may be relevant evidence at such time as a motion for summary judgment is filed. *See $133,420.00*, 672 F.3d at 638-39. However, that evidence is not properly weighed against Simard's

2

unequivocal assertion of ownership for determining the existence of Article III standing at this preliminary stage of the proceedings.

Because we hold that the district court erred in striking his claim, Simard's appeal of his motion for reconsideration of that determination is moot.

**REVERSED AND REMANDED.**